UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

H. RICHARD DOZIER,

                Plaintiff,          10-CV-6423T

      v.                                  **DECISION**
                                                  **and ORDER**
CORNING COMMUNITY COLLEGE

                Defendant.
_____

    Plaintiff H. Richard Dozier ("Dozier") brings this action pursuant to Title VII of the Civil Rights Act of 1964 claiming that he was discriminated against on the basis of his race by defendant Corning Community College ("Corning"). Corning moves to dismiss the Complaint with prejudice on grounds that the plaintiff failed to exhaust his administrative remedies with respect to his discrimination claims, and therefore is precluded from proceeding with this action in federal court. Plaintiff opposes defendant's motion.

    Because the plaintiff failed to raise his administrative claims in a timely manner, and because he has failed to provide good cause for failing to bring his claims in a timely fashion, I find that plaintiff is precluded from proceeding in federal court with respect to his discrimination claims, and I therefore grant defendant's motion to dismiss.

It is well settled that prior to bringing an employment discrimination claim in federal court, a plaintiff must first exhaust his or her administrative remedies by filing an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), or with a state agency authorized to investigate the allegations.  45 U.S.C. § 2000e-5(c)(Title VII claims); 29 U.S.C. §§ 626(d), 633(b); Johnson v. Palma, 931 F.2d 203 (2nd Cir. 1991).  Complaints of discrimination must be filed with the EEOC within 300 days of when the plaintiff knew of or had reason to know of the alleged unlawful employment action . . . ." Lennon v. City of New York, 392 F.Supp.2d 630, 638 (S.D.N.Y.,2005)(citing  42 U.S.C. § 2000e-5(e); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712-13 (2nd Cir. 1996).  While not a jurisdictional limitation, the 300-day limit has been construed as a statute of limitations, and pursuant to the Supreme Court's opinion in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002), "strict adherence" to the limitations period is required.

In the instant case, plaintiff filed his claims of discrimination with the New York State Division of Human Rights on April 1, 2010, claiming that the discrimination against him last occurred on May 22, 2009, more than 300 days prior to the date on which he filed the administrative Complaint.  As a result, the claims are untimely, and may not be considered by this court unless

the plaintiff can show good cause as to why the 300 day time limit should be tolled or excused. Dozier, however, has made no such showing. Instead, plaintiff argues that the 300 day time limit should not be enforced because to do so would work an "injustice" upon him. He provides no explanation, however, for his failure to file the administrative charges within the 300 day limitation period. Because plaintiff has failed to timely file his charge of discrimination, and has failed to establish that the time for filing his charge should be tolled, I find that his discrimination claims under Title VII are untimely, and therefore, must be dismissed.

Plaintiff argues that the Amended Complaint should not be dismissed in its entirety because it contains other causes of action that are not subject to the 300 day limitation for filing of an administrative Complaint. After reviewing the Amended Complaint, however, I find that only two causes of action were asserted, and both were based upon Title VII. As a result, I find that plaintiff's Amended Complaint must be dismissed in its entirety.

For the reasons set forth above, I grant defendant's motion to dismiss plaintiff's Amended Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                         s/ Michael A. Telesca
                                           MICHAEL A. TELESCA
                                     United States District Judge

Dated:   Rochester, New York
          October 25, 2010