```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
H. RICHARD DOZIER,

                    Plaintiff,               10-CV-6423

          v.                                 DECISION
                                             and ORDER
CORNING COMMUNITY COLLEGE,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff H. Richard Dozier brought this action against defendant Corning Community College alleging that the defendant discriminated against him on the basis of his race. By Decision and Order dated October 25, 2010, this Court dismissed with prejudice plaintiff's Amended Complaint on grounds that the plaintiff had failed to file his administrative complaint of discrimination in a timely manner, and therefore the court was without authority to review his complaint of discrimination.

Plaintiff now moves to vacate the order dismissing his case, or, in the alternative, seeks clarification of the order, and permission to file a Second Amended Complaint. For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

As set forth in my October 25, 2010 Decision and Order, on April 1, 2010, Plaintiff filed a discrimination claim with the New

1

York State Division of Human Rights, claiming that the alleged discrimination against him last occurred on May 22, 2009. This date was more than 300 days prior to the date on which he filed his complaint. As such, the claim was untimely, and this Court dismissed the action as time-barred because Plaintiff did not show good cause as to why the 300 day time limit should be excused.

Plaintiff now argues that his amended complaint contained other causes of action which were not subject to the 300 day limitation for filing an administrative complaint. He claims that the Court's Order dismissing his Amended Complaint should be vacated, and those causes of action that are not untimely should be allowed to proceed.

## DISCUSSION

It appears that the Plaintiff, who is represented by counsel, is seeking relief pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.  Plaintiff also seeks permission to amend his complaint pursuant to Fed. R. Civ. P. 15(a) ("Rule 15(a)").

Under Rule 59(e), a party may file a motion to alter or amend a judgment if the party files the motion no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A court may reconsider its previous ruling if there is a change in controlling law, if previously unavailable evidence comes to light, or if

amendment is required to prevent an obvious injustice or to remedy a clear error of law. See Winkler v. Grant, 2008 WL 3539898 *1 (Aug. 12, 2008 W.D.N.Y.). In the present case, Plaintiff has merely restated an argument that has already been rejected by this Court. Plaintiff has not provided previously unavailable evidence or changes in controlling law, nor has Plaintiff identified clear legal error. Therefore, this Court denies Plaintiff's Rule 59(e) motion.

Under Rule 60(b), a party may request relief from judgment on six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To prevail on a Rule 60(b) motion, the moving party must: (1) present highly convincing evidence that it is entitled to relief, (2) show good cause for failing to act sooner, and (3) demonstrate that granting the motion will not cause undue hardship on the other party. Winkler, 2008 WL 3539898 at *2. Because plaintiff has failed to establish any of the factors necessary for entitlement to relief under Rule 60(b), I deny his motion to vacate or amend the judgment in this case

Plaintiff alleges that his Amended Complaint contained other causes of action that are not subject to the 300 day limitations period set forth in Title VII of the Civil Rights Act of 1964. Specifically the plaintiff alleges that his action is brought pursuant to:

> 42 U.S.C § 2000e-5(a) for violations of Plaintiffs' civil rights under the Civil Rights Act of 1964, and the United States Constitution, Amendment 14, The International Covenant on Economic, Social and Cultural Rights (ICESCR), including but not limited to the right to "work, under "just and favourable conditions…" the Universal Declaration of Human Rights, and its amendments and successors, including but not limited to "Article 23 "Everyone has the right to work, to free choice of employment, to just and favourable conditions of work…"and the International Covenant on Civil and Political Rights including but not limited to Non-discrimination and equality before the law (Articles 26 and 27), under the case <u>Gonzalez, et al. v. Abercrombie & Fitch Stores, Inc., et al.</u>, (No. C03-2817), and <u>Jane Roe, et al. v. Harry Wade, District Attorney Dallas County</u> 410 U.S. 113; 93 S. Ct. 705; 35 L. Ed. 2d 147; 1973 U.S. LEXIS 159 regarding the mootness doctrine, and the idea that a case which would never otherwise be heard could be heard if justice requires it and <u>Estelle T. Griswold and C. Lee Buxton v. Connecticut</u>, 381 U.S. 479; 85 S. Ct. 1678; 14 L. Ed. 2d 510; 1965 U.S. LEXIS 2282 because the right is to be found in the "penumbras" and "emanations" of other constitutional protections, and other applicable law.

Amended Complaint at ¶ 3 (see also Amended Complaint at ¶ 1 (repeating the above-cited language)

Plaintiff's claim that his action is brought pursuant to the International Covenant on Economic, Social and Cultural Rights (ICESCR), the Universal Declaration of Human Rights, (and its amendments and successors), and the International Covenant on Civil and Political Rights is sanctionable under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires that claims made in pleadings be "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." Fed. R. Civ. P. 11(b)(2) Claims that a party may be liable for damages for "violations" of the International Covenant on Economic, Social and Cultural Rights (ICESCR), the Universal Declaration of Human Rights, (and its amendments and successors), and the International Covenant on Civil and Political Rights are wholly and abjectly frivolous given the fact that these authorities are not laws, and are not enforceable in any federal court. They are of absolutely no legal consequence, and counsel is warned that in the future, any claim based on an alleged violation of the International Covenant on Economic, Social and Cultural Rights (ICESCR), the Universal Declaration of Human Rights, (and its amendments and successors), or the International Covenant on Civil and Political Rights will be met with sanctions.

Plaintiff's generalized citation to the Fourteenth Amendment of the Constitution, and to three decided cases, while at least citing to federal law, fails to establish that he raised any causes

of action other than causes of action under Title VII. A review of the Amended Complaint reveals that plaintiff asserted only two causes of action, both of which are premised on violations of Title VII. That plaintiff included the legally unintelligible introductory paragraph cited above as the source of authority for bringing the Amended Complaint does not establish that he brought any additional causes of action that were not based on Title VII. And as stated in my previous decision, because plaintiff, or his counsel, failed to timely file his administrative complaint, this court may not consider his employment discrimination claims.

## CONCLUSION

For the reasons set herein, Plaintiff's motion to vacate or amended the decision of this Court dismissing his Amended Complaint is denied, and plaintiff's motion to amend his complaint is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

            s/Michael A. Telesca
            MICHAEL A. TELESCA
          United States District Judge

Dated:  Rochester, New York
      July 7, 2011